United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,        Case No. 5:23-cr-20698

vs.        Honorable Judith E. Levy

Manuel Medley,

        Defendant.
_____/

## Stipulated Order of Forfeiture

The United States of America, by and through Assistant United States Attorney Adriana Dydell, and Defendant Manuel Medley ("Defendant"), by and through his attorney, Loren M. Dickstein, submit this Stipulated Order of Forfeiture to the Court for entry. Defendant has consulted with his attorney and concurs in this Stipulation. The Parties stipulate and agree to the following:

    1.    On December 26, 2023, the United States filed an Information which charges Defendant with Count One, Wire Fraud in violation of 18 U.S.C. § 1343 and Count Two, Aggravated Identify Theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 19).

1

2. The Information contains a forfeiture allegation under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), giving notice to the defendant that upon conviction of the offense charged in Count One of the Information, the defendant shall forfeit to the United States his interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the scheme underlying his violation of Count One. The forfeiture allegation also provide notice of the government's entitlement to forfeiture of substitute property under 21 U.S.C. § 853(p).

3. On or about April 24, 2023, Defendant entered into a Rule 11 Plea Agreement ("Rule 11") in which he agreed to plead guilty to Counts One and Two of the Information. Count One charges the Defendant with Wire Fraud under 18 U.S.C. § 1343. Count Two charges the Defendant with Aggravated Identify Theft under 18 U.S.C. § 1028A(a)(1) (ECF No. 31, Page ID.89).

4. In the factual basis for the Rule 11, Defendant agreed that between May 3, 2020 and July 10, 2021 he engaged in Wire Fraud, in violation of 18 U.S.C. § 1343. Specifically, Medley engaged in a scheme to obtain state and federal unemployment insurance ("UI") benefit money. In UI applications in several states, Defendant falsely certified that he

was employed in these states, but he was actually unemployed. Various UI agencies approved Defendant's applications based in part on his false representations. The parties stipulated that the total loss to the government for Defendant's UI benefit fraud is $50,000.00. (ECF No. 31, PageID.92-95).

5. In his Rule 11, Defendant agreed to entry of a forfeiture money judgment in the amount of $45,800.00. Defendant agreed that he personally obtained this amount as a result of his fraud scheme and acknowledged that he spent and dissipated many of the criminal proceeds that he obtained, making these funds unavailable for forfeiture. (ECF No. 31, PageID.105-106).

6. In this Stipulation, Defendant agrees to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of $45,800.00 (the "Money Judgment").

7. In entering this Stipulation, Defendant agrees that the Money Judgment may be satisfied, to whatever extent possible, from any property owned by him or under his dominion and control. Defendant explicitly agrees to the forfeiture of any and all assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives

and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Based on the Information, the Rule 11 Plea Agreement, Defendant's guilty plea, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, this Court **GRANTS** and **ENTERS A FORFEITURE MONEY JUDGMENT** against Defendant and in favor of the United States of America in the amount of $45,800.00. The **COURT FINDS** that the Money Judgment represents the proceeds Defendant obtained as a result of his offense.

**THIS COURT FURTHER ORDERS** that the Money Judgment may be satisfied, to whatever extent possible, from any property owned by defendant or under his dominion and control. To satisfy the Money Judgment, any assets that Defendant has now, or may later acquire, may be forfeited as substitute assets under Title 21, United States Code, Section 853(p)(2). The United States may undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets under Federal Rule of Criminal Procedure 32.2(b)(3).

**IT IS FURTHER ORDERED** under Federal Rule of Criminal Procedure 32.2, that this Order of Forfeiture shall become the Final Order of Forfeiture at the time of Defendant's sentencing, shall be made part of the sentence and included in the Judgment, and shall not be the subject of ancillary proceedings given that the forfeiture consists entirely of a money judgment.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction to enforce the Order of Forfeiture and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| s / ADRIANA DYDELL | s/ LOREN M. DICKSTEIN (with Consent) |
| ADRIANA DYDELL | LOREN M. DICKSTEIN |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort St., Ste. 2001 | 2000 Town Center, Suite 2350 |
| Detroit, MI 48226 | Southfield, Michigan 48075 |
| (313) 226-9125 | (248) 263-6800 |
| adriana.dydell@usdoj.gov | ldickstein@notafraidtowin.com |
| [CA Bar No 239516] | [P-53508] |
| Dated: July 17, 2024 | Dated: July 17, 2024 |

*******************************************

**IT IS SO ORDERED.**

Date: July 21, 2024                                  s/Judith E. Levy
                                                                JUDITH E. LEVY
                                                                United States District Judge